Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia
Albany Division

Filed at __4:52 P__ M
__1/23__, 20 __19__
BCL
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

ANGELA FOSTER )
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
THE BOARD OF REGENTS FOR THE )
UNIVESRITY SYSTEM OF GEORGIA D/B/A )
GEORGIA SOUTHWESTERN STATE )
UNIVERSITY )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

Case No. __1:19-cv-17__
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Angela Foster |
| Street Address | 1712 Lafayette Street |
| City and County | Americus  Sumter County |
| State and Zip Code | Georgia 31719 |
| Telephone Number | (229) 924-7026 |
| E-mail Address | angiefoster14@yahoo.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
| | |
|---|---|
| Name | University System of Georgia Foundation, Inc. |
| Job or Title *(if known)* | Univ. System of Georgia Board of Regents dba GSWU |

Page 1 of 6

|  |  |
|---|---|
| Street Address | 270 Washington Street, SW |
| City and County | Atlanta, Georgia |
| State and Zip Code | 30334 |
| Telephone Number | (229) 928-1234 |
| E-mail Address *(if known)* | |

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | Georgia Southwestern State University ("GSWU") |
| Street Address | 800 GSW Drive |
| City and County | Americus, Sumter County |
| State and Zip Code | Georgia 31709 |
| Telephone Number | (229) 942-9347 |

**II.**   **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☒ Termination of my employment.
☐ Failure to promote me.
☒ Failure to accommodate my disability.
☒ Unequal terms and conditions of my employment.
☒ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) November 3, 2015; December 4, 2015

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race — African American
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

  carpal tunnel syndrome, cervical radiculopathy, cervical invertebral disc, lumbosacral spondylosis, etc.

E. The facts of my case are as follows. Attach additional pages if needed.

See Attached.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 4, 2015

B. The Equal Employment Opportunity Commission *(check one)*:
- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)*  11/02/2018   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Back Pay, plus interest
Loss of Other Benefits
Front Pay or Reinstatement
Compensatory Damages in an amount to be determined by a jury
Declaratory Judgment
All other relief available under the law

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/23/18

Signature of Plaintiff   *Angela Foster*
Printed Name of Plaintiff   Angela Foster

**B.**   **For Attorneys**

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 1 of 7

I am a person with a disability as defined under the ADAAA / Rehabilitation Act because I suffer from physical impairments that substantially limit one or more major life activities, had a record of such an impairment, and my employer regarded me as having such an impairment. I am a qualified individual with a disability. I am able to perform the essential functions of my job with or without an accommodation.

I was hired by Georgia Southwestern State University "GSWU" as a Senior Administrative Assistant in the Rosalynn Carter Institute for Caregiving on January 28, 2008. On February 1, 2013, I suffered an on the job injury to my right shoulder and hand. On November 13, 2013, I was diagnosed with a nerve condition that involves the damage or disturbance of nerve function. During the course of my employment, I was also diagnosed with other physical disabilities, including lumbosacral spondylosis without myelopathy and carpal tunnel syndrome, which is defined as a disability under the ADAAA.

I experience pain as a result of my physical disabilities. I mitigate the pain caused by my physical disabilities by taking medication and using ergonomic equipment and other assistive tools, including voice recognition technology.

The pain I experience as a result of my physical disabilities substantially limits the major life activity of concentrating. The pain I experience as a result of my physical disabilities substantially limits the major life activity of performing manual tasks. The pain I experience as a result of my physical disabilities also substantially limits the major life activity of lifting, pushing, and pulling, as I am unable to lift any objects in excess of 10 pounds.

In or around November 2013, my doctor recommended "a better microphone for the Dragon Naturally Speaking software." On April 10, 2014, my doctor recommended Dragon Detachale Dictaphone Power Mic II Speaker Microphone (hereinafter "Dragon Dictaphone") as an accommodation. My employer purchased a Plantronics SAVI Go Microphone. The Plantronics SAVI Go Microphone was not the equipment my doctor recommended. The Plantronics SAVI Go Microphone did not enable me to perform my job duties because it did not type what I dictated.
As of May 2, 2014, I was still being assigned long typing assignments which

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 2 of 7

aggravated my disabilities. At that time, I informed the Director of Human Resources that the Plantronics SAVI Go Microphone did not work and also that it was not the equipment my doctor recommended as an accommodation. My employer did not purchase the Dragon Dictaphone.

Beginning on August 4, 2014, my employer forced me to take a leave of absence in connection with my worker's compensation claim. I returned to work on September 8, 2015. Upon my return to work, I informed the Director of Human Resources that the Plantronics SAVI Go Microphone did not work and I reminded my supervisor, the Exeuctive Director, that the equipment did not work.

On September 14, 2015, my employer received a letter from my doctor, dated September 11, 2015, medically clearing me to return to work. Per the doctor's letter, I was placed on light duty work restrictions. Per the doctor's letter, my doctor also recommended the Dragon Detachable Dictaphone Power Mic II Speaker Microphone (herinafter "Dragon Dictaphone") as an accomodation. This September 2015 request marked the second time a medical doctor recommended the Dragon Dictaphone. On September 23, 2015, I again asked my supervisor, the Executive Director, to purchase the Dragon Dictaphone because of the pain and difficulty I was experiencing without it. My supervisor denied my request and never purchased the Dragon Dictaphone.

My employer was aware of my need for an accommodation as well as my requests for accommodaton. My employer was aware that performing my job duties without the requested accommodation in place caused pain and ultimately made my condition worse. My employer denied all of my requests for the Dragon Dictaphone as an accommodation.

My supervisor, the Executive Director, was aware that I had carpal tunnel syndrome. On On September 30, 2015, I contacted the Executive Director to follow up on the status of my request for my employer to the purchase of the Dragon Dictaphone as an accommodation. At that time, I informed the Executive Director that I was having difficulty completing my work assignments due to my disability.
In response to my inquiry, the Executive Director told me that she asked me to complete a typing assignment for two meetings that were approximately

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 3 of 7

1.5 hours each in length and she did not consider that period of time to be an extensive typing assignment. The Executive Director suggested that I reduce my typing to shorter periods. The Executive Director knew that my doctors recommended Dragon Dictaphone to assist with extensive typing assignments. My employer failed to provide the recommended equipment, Dragon Dictaphone, as an accommodation.

When I requested work-study students to help me with typing assignments and to allow alternative ways for me to complte extended typing assignments, those requests were denied as well. Prior to my medical leave of absence in August 2014, my employer allowed work-study students to assist me with typing assignments and projects. However, when I returned to work in September 2015, my employer no longer allowed the work-study students to assist me and denied my requests for their assistance.

On October 2, 2015, I sent the Director of Human Resources an additional copy of my medical restrictions and the equipment my doctor recommended as a courtesy reminder. On October 5, 2015, I met with the Director of Human Resources in person and told her my medical condition was not improving and that it was being aggravated by the extensive typing assignments I was being asked to perfom without the recommended equipment. I told her that in the absence of the recommended equipment, I would like to go back on medical leave due to the pain I was experiencing while attempting to complete extensive typing assignments. As an alternative, I requested to be transferred to a lateral position in a different department. The Director of Human Resources denied my request.

In a letter dated October 6, 2015, the Director of Human Resources told me the accommodations currently in place were in accordance with my doctor's orders and the accommodations currently in place would not be expanded. The Director of Human Resources also wrote that I was expected to perform my job with the accomodation in place at that time and failure to do so may subject me to disciplinary action, up to and including termination. At that time, my employer had not purchased the Dragon Dictaphone my doctors recommended in April 2014 and September 2015.
After learning that my job was in jeopardy, I continued experiencing difficulty performing my job duties due to my employer's continued failure to provide the Dragon Dictaphone as an accommodation.

ATTACHMENT TO PRO SE COMPLAINT
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 4 of 7

The Director of Human Resources was aware of my request for the Dragon Dictaphone as an accommodation.  The Director of Human Resources was also aware that that I was having difficulty performing my job duties without the requested accommodation. A purchase of the Dragon Dictaphone would not have resulted in undue hardship for my employer.

As a result of my employer's failure to provide the requested equipment, I was forced to complete typing assignments without the requested accommodation which aggravated my condition, caused pain, and led me to miss days at work so that I could rest and try to recover from the pain.

My employer was aware that the accommodations it had provided did not address my need for the Dragon Dictaphone. My employer was aware that the accomodations it had provided were not allowing me to perform my job duties in a productive and safe manner.  My employer was also aware that the accommodations it provided were ineffective.  My employer was on notice of the difficulty I was having perfoming my job duties without the requested accommodation.

On October 5, 2015, I met with the Director of Human Resources and requested another leave of absence due to my medical condition.  My employer denied the request.

On Octobr 13, 2015, I complained of unlawful discrimination and harassment when I notified the Director of Human Resources that my supervisor was exhibting harassing behavior towards me.  I met with the Director of Human Resources on several occassions, during which time I notified her that my disability was exaccerbated as a result of being required to complete my job duties without the requested Dragon Dictaphone.

On or around October 27, 2015, I filed a Charge of Discrimination against my employer.

On Octobr 29, 2015, I again asked the Executive Director to purchase the Dragon Dictaphone that my doctors previously requested on April 10, 2014 and September 11, 2015. I told my supervisor that the Plantronics SAVI Go Microphone that was provided to me was not the same device that my doctors recommended.  I also told my supervisor that I attempted to

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 5 of 7

transcribe the minutes for a two-hour staff meeting but without the requested equipment, my efforts to complete the work only resulted in increased pain.

On November 2, 2015, I told my supervisor, the Executive Director, that I filed a Charge of Discrimination with the EEOC.

On November 3, 2015, my supervisor denied my request for reasonable accommodation. My supervisor stated that the accommodations currently in place were in accordance with my doctor's orders and would not be expanded. My supervisor also stated that she did not plan to purchase any additional equipment or hardware for me. As of November 3, 2015, my employer had not purchased the Dragon Dictaphone my doctors requested on April 10, 2014 and September 11, 2015.

On November 20, 2015, I informed my employer that I believed I was being retaliated against based on my prior Charge of Discrimination.

On December 4, 2015, my employer terminated my employment due to alleged unsatisfactory performance. As of the date of termination, my employer had not purchased the Dragon Dictaphone my doctors requested on April 10, 2014 and September 11, 2015. I believe the Dragon Dictaphone would have enabled me to perform my job duties and meet performance expectations.

Other employees outside of my proteced race and status a a disabled person were not reprimanded or terminated for gross errors, failing to complete assignments, or failing to meet deadlines.

My employer's termination letter did not inform me of the right to be reassigned to a vacant position for which I was qualified as a reasonable accommodation.

Before terminating my employment, my employer was aware that I made multiple attempts to complete my typing assignments without the requested equipment and also that I was often forced to stop due to intense pain.

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 6 of 7

In the past, other employees outside of my race have requested accommodations, which my employer has provided. My employer did not fire other employees outside of my race who required an accommodation to perform their job duties. Specifically, Laura Bauer (formerly Granberry), Amanda Dean, Cindy Holloway, and Beth Morris were all allowed to work from home. Unlike my peers outside of my race, my request to work from home was denied and my subsequent need for accomodation was not met when I later requested the Dragon Dictaphone.

My employer purchased equipment for other employees outside of my race and status as a disabled person. Specifically, my employer purchased tablets and laptops for Laura Bauer, Gayle Alston, both of whom are outside of my protected status.

At all relevant times, I have been able to perform the essential functions of my job with or without an accommodation. My employer never purchased the Dragon Dictaphone my doctors recommended as an accommodation in 2014 and 2015. My employer never provided an alternative reasonable and effective accommodation. My employer did not fully meet my need for an accommodation.

After learning of my termination, I filed a Charge of Discrimination with the EEOC and the Georgia Commission on Equal Opportunity. At the conclusion of the investigation, the GCEO found reasonable cause to believe that my employer violated the ADA/Rehabilitation Act. *See Attached Charge.*

**ATTACHMENT TO PRO SE COMPLAINT**
**Section III, Statement of Claim--** *Angela Foster v. Board of Regents for the University System of Georgia dba Georgia Southwestern State University*
Page 7 of 7

I believe my employer engaged in unlawful employment discrimination when it:

    a. Failed to provide reasonable accommodation for my known disabilities as stated in this complaint, including:

        i. Requiring me to be "fully able to return to work" and produce a "full release from [my] physician" at the end of my medical leave of absence;

        ii. Failing to purchase the recommended Dragon Detachable Dictaphone Power Mic II Speaker Microphone as equipment that would assist me in performing the essential functions of my position;

        iii. Exacerbating my disability/disabilities by requiring me to perform typing assignments and other work without the equipment my doctors recommended;

        iv. Breaching the interactive process and failing to provide reasonable and effective accommodation

    b. Terminated my employment on the basis of my race, disability, and/or the need to reasonably accommodate my disability;

    c. Terminated my employment in retaliation for engaging in protected activity under the ADAAA / Rehabilitation Act, including my prior and ongoing requests for accommodation; and

    d. Terminated my employment in retaliation for engaging in protected activity under Title VII of the Civil Rights Act, which included opposing discriminatory practices.